*M. L. Ledford* and *John R. Wilson,* for plaintiff in error.

*J. C. Hale,* contra.

---

## CARMICHAEL TILE CO. *v.* NATIONAL SURETY CO. *et al.*

1. The materialman's claim of $5505.05 was admitted by all parties to be correct, and it therefore became a liquidated demand. *Kelley* v. *Terhune,* 113 *Ga.* 365 (38 S. E. 839). All liquidated demands, where the sum to be paid is fixed or certain, bear interest from the time the party is liable and bound to pay them.

2. The auditor's report, properly construed in accordance with the principles stated in the foregoing headnote, found for the materialman interest from January 24, 1924, upon his claim for $5505.05; and the

court erred in holding that the plaintiff in error was entitled to no interest prior to the rendition of the decree.

No. 6294. AUGUST 16, 1928.

Equitable petition; intervention. Before Judge Humphries. Fulton superior court. August 31, 1927.

*William J. Davis Jr.,* for plaintiff in error.

*Bryan & Middlebrooks, J. L. Mayson, C. S. Winn,* and *Underwood, Haas & Gambrell,* contra.

RUSSELL, C. J.  The National Surety Company filed an equitable petition against the City of Atlanta and others, in connection with a dispute arising between the McDevitt-Fleming Company, contractors, and the City of Atlanta, with regard to the construction of the Colored Junior and Senior High School and the West Junior and Senior High School.  In the contract between the City of Atlanta and the McDevitt-Fleming Company for the erection of the school building known as the Colored Junior and Senior High School. the statutory contractor's bond was signed by the National Surety Company as surety.  In the contract between the City of Atlanta and McDevitt-Fleming Company for the construction of the other building called West Junior High School, the United States Fidelity and Guaranty Company was surety on the contractor's bond.  The West Junior High School was practically completed, and the city owed the contractor a balance of the contract price for that work.  A number of materialmen who had furnished material for the respective school buildings had not been paid.  The materialmen were named as defendants in the petition, as were the sureties on the bonds.  Upon response of the City of Atlanta various business concerns were made parties defendant.  The case was referred to an auditor with power to pass upon all questions of law and fact.  A few of the defendants, mostly materialmen, filed interventions, and others failed to do so, among whom was the Carmichael Tile Company.  The case was heard by the auditor and the rights of all parties determined without regard to whether they had or had not filed interventions.  Certain exceptions to the auditor's report were filed, but these were overruled.  The auditor then filed a supplemental report covering a claim which had been overlooked.  The case was then placed upon the motion calendar for final decree, and when it came on for a hearing the Carmichael Tile Company filed its intervention which was allowed by the court,

subject to the findings of law and fact· as found by the auditor. Thereafter, on the same day, the final decree was entered. The Carmichael Tile Company presented a bill of exceptions assigning as error the order allowing its intervention only subject to the findings of fact as found by the auditor. Exceptions were taken to the final decree as contrary to law, and to the auditor's findings of fact, and as without evidence to support it, in that it failed to provide for interest in addition to the principal of $5505.05 as found by the auditor.

The only question presented by the record is whether the court erred in refusing to allow the plaintiff in error interest at the legal rate upon its claim which had been adjudged by the auditor to be just, true, and unpaid. Among the findings of fact by the auditor were these: (5) "That there is due materialmen and subcontractors the sum of $25,808.30 principal, on the West Jr. High Job, and this amount should be distributed as set forth in the schedule marked Exhibit 'A,' and made a part of this report." (6) "That a fund should be created in the principal amount of $25,808.30 for the payment of materialmen and subcontractors, and there should be added to this fund a sufficient amount to pay 7% interest, as designated in Schedule 'A,' hereto attached, and the City should contribute to this fund the sum of $22,889.01 principal, together with interest at 7% from December 20, 1923, to the date of payment, and the contractor and its surety, United States Fidelity and Guaranty Company, should contribute the balance. Said sum should be distributed to the persons and in the amounts set forth in schedule hereto attached marked exhibit 'A' and made a part of this report." The schedule so attached lists thirty-two materialmen and subcontractors, Carmichael Tile Company being the seventeenth in the list. These claims aggregate $25,808.30; and the schedule is followed by a note immediately preceding the signature of John A. Sibley, auditor, as follows: "Where no special interest date is set opposite the claims, such claims shall bear interest at 7% from Jan. 24, 1924, the date upon which suit was filed." As showing the meaning of the note, we copy from schedule "A" three items to show the manner in which those claimants who were not within the general class bearing interest from January 24, 1924, are distinguished by having a different date stated as that fixed for the running of interest.

"Claims due on West Junior High School Building."

|     |                        | Amt.     | Int. 7% from |
| --- | ---------------------- | -------- | ------------ |
| 1.  | Standard Oil Company   | 7.15     |              |
| 2.  | Southern G. F. Company | 8.42     | 1/1/24       |
| 17. | Carmichael Tile Co.    | 5,505.05 |              |

We are of the opinion that under the findings of the auditor, properly construed, the plaintiff in error was entitled to interest from January 24, 1924. The defendants in error insist, that, because of the language used in the auditor's report that there should be added to the fund a sufficient amount "to pay interest at seven per cent. to such of the claimants as are suing for interest and are entitled thereto from the date of the maturity of their claims to the date of payment," the plaintiff in error is precluded from recovering interest, for the reason that at the time the report was filed the plaintiff in error had not filed an intervention; and that although an intervention was filed by the plaintiff in error before the final decree was entered, it was too late then for them to claim interest. We can not concur in this contention. When the auditor allowed the claim of the Carmichael Tile Company as just and true, and held that it was entitled to be paid the principal, interest at the legal rate of seven per cent. followed as a matter of logical and legal consequence; and to construe the finding of the auditor otherwise would be to hold that the finding was contrary to law. We do not say that, in a case where the court passes an order limiting the filing of claims or interventions, it is not within the power of a court of equity to prescribe as a penalty that a claim not filed within a certain time shall be debarred from receiving interest as otherwise allowed by law; but it is not insisted in this case that any order was ever taken limiting the time of filing claims or interventions, and no such order appears in the record. Consequently an intervention could have been filed at any time before the signing of the final decree. The debt due the plaintiff in error had been acknowledged by the parties and allowed by the auditor. Properly construed, the auditor had provided for the payment of the claim of the plaintiff in error with interest. The note of the auditor to Schedule "A" relieves any doubt created by the prior expression in his report which we have quoted, and specifically provides for interest on this claim from January 24, 1924, at the rate of seven per cent. In addition to this, to show that a proper con-

struction of the auditor's report entitled plaintiff in error to interest, in the findings of fact a definite sum is provided, and interest thereon is assessed at seven per cent. The fund is to be distributed as set forth in Schedule "A." It says that to that fund should be added a sufficient amount to pay seven per cent. interest as designated in Schedule "A," which, as we have already shown, specifically provides for interest on this very claim from January 24, 1924.

The exceptions alleging that the court erroneously construed the report of the auditor, and that the final decree is error in decreeing that the plaintiff in error was not entitled to interest, were presented within thirty days, and hence are properly before this court. We are of the opinion that the learned and able trial judge erred in construing the auditor's report as a finding that the plaintiff in error was not entitled to interest, and therefore erred in entering his final decree accordingly.

*Judgment reversed. All the Justices concur.*